LOURIE, Circuit Judge,
concurring.
Although I agree with the result reached in this case by the majority, I disagree with its reasoning, particularly its interpretation of 88 C.F.R. § 3.155. As the majority correctly notes, 38 C.F.R. § 3.155(c) permits a veteran to make an informal claim to reopen a previously decided claim, and there is no explicit requirement in that provision to present new and material evidence. However, both 38 U.S.C. § 5108 and 38 C.F.R. § 3.156(a) plainly condition reopening on the submission of new and material evidence. As the statute provides, “If new and material evidence is presented ... the Secretary shall reopen the claim ...,” 38 U.S.C. § 5108 (emphasis added), and as the regulation states, “[a] claimant may reopen a finally adjudicated claim by submitting new and material evidence,” 38 C.F.R. § 3.156(a) (emphasis added). The word “if’ is conditional, and the word “by” is procedural. Unless the “if’ occurs and the “by” is effected — in other words, unless new and material evidence is submitted — there is no application to reopen. New and material evidence, then, is the sine qua non of an application to reopen; any legally sufficient application to reopen requires new and material evidence.
In that respect, an informal claim is no different. Because an informal claim under 38 C.F.R. § 3.155(a) must “indicate an intent to apply for one or more benefits,” and because applying to reopen requires submitting new and material evidence, an “informal request for ... reopening” under § 3.155(c) must, at minimum, indicate an intent to submit the required new and material evidence.
Thus, the Veterans Court correctly imported a new and material evidence requirement into the requirements for an informal claim to reopen. The majority’s interpretation of § 3.155, in contrast, divorces the new and material evidence from the application to reopen, relegating the essential statutory requirement of new and material evidence to a mere afterthought.
My understanding of 38 C.F.R. § 3.155 is consistent with the other relevant statutes, including the effective date provision. Under 38 U.S.C. § 5110, “the effective date of an award based on ... a claim reopened after final adjudication ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.” An application to reopen requires new and material evidence, so the effective date of an informal claim to reopen cannot be earlier than the date that a veteran indicates an intent to apply, that is, an intent to submit the required new and material evidence.
In the present case, the handling of Akers’s claim by the Board and the Veterans Court constituted a correct application of 38 C.F.R. § 3.155. Because Akers’s VA Form 9 did not indicate any intent to reopen by submitting new and material evidence, the Form 9 could not, as a matter of law, constitute an informal claim to reopen. Akers’s July 2004 submission was another matter, however. In that submis *1262 sion Akers not only stated that she wished to reopen her previously decided claim, but, critically, she also stated her intent to submit new and material evidence. Although the evidence submitted by Akers in July 2004 was ultimately deemed insufficient, in February 2006 she provided new and material evidence substantiating her claim. As the Veterans Court affirmed, Akers’s successful claim to reopen thus had an effective date of July 2004 — the date she was found to have indicated her intent to submit new and material evidence to reopen her claim. We lack jurisdiction to review questions of fact or the application of law to fact. However, because Akers’s Form 9 was legally deficient under 38 C.F.R. § 3.155 by the reasoning I have set forth above, affirmance is the correct result in this case.